802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
ONE 1979 CHEVROLET CORVETTE, VIN: 1237J4S407972, Defendant-Appellant.
 
 1
 No. 85-5831.
 
 
 2
 United States Court of Appeals, Sixth Circuit.
 
 
 3
 Aug. 27, 1986.
 
 
 4
 Before JONES and NELSON, Circuit Judges, EDWARDS, Senior Ciruit Judge.
 
 PER CURIAM
 
 5
 This is an appeal from the forfeiture of a Chevrolet Corvette automobile titled to Attorney C. Fred Partin, who had accepted the car as a fee for legal services. The question presented is whether Attorney Partin was deprived of property without due process of law, some nine months having elapsed between the time when the car was used for the transportation and sale of an illicit drug, thus becoming subject to forfeiture under 21 U.S.C. Secs. 841(a)(1) and 881(a)(4), and the time when the car was seized by drug enforcement agents. We answer the question in the negative.
 
 
 6
 The incident giving rise to forfeiture occurred on August 23, 1983, when drug enforcement agents met with two suspects in a hotel parking lot to discuss the purchase of an ounce of cocaine. One of the suspects was arrested, and the other, a man named Zoeller, fled in the Corvette. He was arrested the following day, and he retained Mr. Partin as his attorney. On September 25, 1983, as part of the fee arrangement, Zoeller purported to transfer title to the Corvette to Attorney Partin.
 
 
 7
 The car had remained hidden for approximately three weeks after Zoeller's arrest, frustrating attempts of the agents to seize the car. Attorney Partin drove the car openly after September 25, 1983, but the agents did not locate it until May 16, 1984. The car was seized at that time, and a Complaint for Forfeiture was filed promptly. The district court entered a judgment of forfeiture in due course.
 
 
 8
 21 U.S.C. Sec. 881(a)(4) provides that "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" controlled substances "shall be subject to forfeiture to the United States and no property right shall exist in them." Subsection (b) provides that forfeiture proceedings "shall be instituted promptly" in the event of seizure.
 
 
 9
 The Complaint for Forfeiture in this case was filed on the day the Corvette was seized. Promptness under subsection (b) is not at issue, but Attorney Partin argues that the seizure itself was unjustifiably delayed. Notwithstanding that the government agents were unaware of the whereabouts of the car, it is claimed that the agents owed Mr. Partin a constitutional duty to use reasonable diligence in attempting to locate the Corvette, and to check frequently with the County Clerk's office or the Department of Motor Vehicles to discover whether title had been transferred.
 
 
 10
 The argument fails. In the first place, Attorney Partin's title to the Corvette was clearly voidable. Forfeiture occurs at the time the criminal act takes place. United States v. Stowell, 133 U.S. 1, 16-17 (1890). "[T]he condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith." Id. See also Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 680 (1974). 21 U.S.C. Sec. 881(h), added in 1984, codified those holdings by providing that "[a]ll right, title, and interest" in the forfeited property vests in the United States at the time of the commission of the act which gives rise to the forfeiture. In this case the property was forfeited, by operation of law, as of August 23, 1983, and the attempted transfer of title did not take place until September 25, 1983. Zoeller could not pass good title to Attorney Partin after August 23, and Attorney Partin therefore acquired no ownership interest of which the government could have deprived him.
 
 
 11
 Even if we assume that Zoeller was able to give Attorney Partin a possessory interest that was entitled to some measure of protection under the Fifth Amendment, we fail to see how the government's allegedly negligent delay - which resulted in Mr. Partin's enjoying the use, for some months, of a car that was not his - deprived Mr. Partin of property without due process of law. Neither do we see why Mr. Partin should be permitted to keep a car that is not his merely because Mr. Zoeller had a right to the assistance of counsel under the Sixth Amendment.
 
 
 12
 The judgment of the district court is AFFIRMED.